1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                               DISTRICT OF NEVADA
8                                      * * *
9    LAUSTEVEION JOHNSON                    Case No. 3:14-cv-00303-MMD-VPC

10                              Plaintiff,   ORDER REGARDING REPORT AND
                                            RECOMMENDATION OF
11        v.                                MAGISTRATE JUDGE
     WILLIAM MOORE, et. al.,                VALERIE P. COOKE
12
                              Defendants.
13

14   I.    SUMMARY

15         Before the Court is the Report and Recommendation of United States Magistrate

16   Judge Valerie P. Cooke (dkt. no. 60) ("R&R") relating to Defendants' Motion for

17   Summary Judgment ("Defendants' Motion") (dkt. no. 42), Plaintiffs' Motion for Summary

18   Judgment ("Plaintiff's Motion") (dkt. no. 47) and Defendants' Motion to Strike (dkt. no.

19   50). The Magistrate Judge recommends that Defendants' Motion be granted in part and

20   denied in part, Defendants' Motion to Strike be granted, and Plaintiff's motion that the

21   Court rule on Plaintiff's Motion (dkt. no. 57) be denied as moot. The parties have

22   objected to the R&R. (Dkt. nos. 62, 63.)

23   II.   BACKGROUND

24         Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections

25   ("NDOC"), asserts four counts based on events that occurred while he was held at Ely

26   State Prison ("ESP") from February 2012 to November 2014.[1] Following screening

27   ─────────────────
28        [1]Plaintiff was housed at ESP due to three consecutive disciplinary segregations
     sanctions totaling 575 days. (Dkt. no. 42-3 at 2.)  While at ESP, Plaintiff "was classified
     as a close custody level 3 inmate or a maximum custody segregation inmate." (*Id.*)

pursuant to 28 U.S. C. § 1915A, the Court allowed all four counts to proceed as follows. Count I states a claim under the Eight Amendment for conditions of confinement based on safety, medical care and sanitation. (Dkt. no. 3 at 5.) Count II asserts a claim for failure to protect based on placement of Plaintiff in the same cell as an inmate with a history of violence, Zack Simmons, who attacked Plaintiff. (*Id.* at 7.) Count III alleges retaliation while Count IV alleges violations of the Equal Protection Clause. (*Id.* at 8-9.)

III.   **LEGAL STANDARD**

   A.   **Review of the Magistrate Judge's Recommendations**

   This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

///

///

2

## B.    Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

1   (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position

2   will be insufficient." *Anderson*, 477 U.S. at 252.

3   **IV.   DISCUSSION**

4      **A.   Defendants' Motion to Strike**

5         The Magistrate Judge recommends striking Plaintiff's Motion as untimely filed in

6   violation of the deadline established by the Court. In doing so, the Magistrate Judge

7   finds that application of the "prison mailbox rule,"[2] which treats the date a prisoner

8   delivers his filing to prison officials for mailing to the court as the date of filing, to be

9   inappropriate in this case. The certificate of service attached to Plaintiff's Motion

10  identifies the date of mailing as July 10, 2016. (Dkt. no. 47 at 24.) In their Motion to

11  Strike, Defendants assert that the Court should disregard the date of service because

12  Plaintiff has never served them with any filings. (Dkt. no. 50 at 4.) In his objection,

13  Plaintiff contends that his Motion was timely filed under the prison mailbox rule and in

14  fact, had his Motion "up months prior to July."[3] (Dkt. no. 63 at 7.)

15        The Court agrees with the Magistrate Judge that the prison mailbox rule should

16  not apply here because the date of service on Plaintiff's certificate of service is not

17  reliable. For example, Defendants filed their Motion on July 16, 2016, and served Plaintiff

18  by mail. (Dkt. no. 42 at 33.) Plaintiff filed his response on August 17, 2015. (Dkt. no. 51.)

19  There are three dates on the last page of Plaintiff's response brief in the following order:

20  date of his signature, which is not legible but appears to be July 28, 2015; date of his

21  verification, which is July 25, 2015; and the date of mailing, which is July 28, 2015. (*Id.* at

22  55.) These inconsistencies, coupled with the extended length between the purported

23  mailing date and filing date, show that the date of mailing as identified by Plaintiff is

24  unreliable. In contrast, Plaintiff's response to Defendants' Motion to Strike was placed in

25  the mail on August 17, 2015, and was filed four days later, on August 21, 2015. (Dkt. no.

26  _____

27      [2]*See Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2011).

28      [3]Plaintiff's Motion identifies June 22, 2015 as the date he signed his Motion and
    verification.  (Dkt. no. 47 at 22.)

52.) In light of these discrepancies, and in the absence of any claim in Plaintiff's response to Defendants' Motion to Strike that he prepared his Motion months before, the Court agrees with the Magistrate Judge that Plaintiff's Motion is untimely filed in violation of the Court's order extending the filing deadline and should be stricken. Moreover, as the Magistrate Judge correctly noted, striking Plaintiff's Motion does not prejudice him since the arguments raised in his Motion appear to be similar to those raised in his opposition to Defendants' Motion.

### B. Defendants' Motion for Summary Judgment

The Magistrate Judge recommends granting Defendants' Motion, as follows: (1) count I except for Plaintiff's claim relating to double celling; (2) count II for failure to protect against Defendant Cox; (3) count III for retaliation; and (4) count IV for violations of the Equal Protection Clause. (Dkt. no. 60.) Defendant objects to the recommendation to deny summary judgment with respect to the double celling policy. (Dkt. no. 62.) Plaintiff objects to the recommendation to grant summary judgment with respect to some of the claims in count I (claims relating to the medical emergency call buttons, restraints and unsanitary conditions) and count III (retaliation). (Dkt. no. 63.)

The parties do not object to the Magistrate Judge's recommendations (1) to grant summary judgment on count I with respect to fire safety, count II with respect to claim against Defendant Cox, and count IV; and (2) to deny summary judgment on count II for failure to protect against Defendants Moore, Fletcher and Baker. The Court will therefore adopt these recommendations. *See Thomas v. Arn*, 474 U.S. at 149.

### 1. Defendant's Objection

Plaintiff challenges ESP's policy of double celling inmates, contending that the cells are designed to accommodate only one inmate and there is room only for one inmate to walk on the cell floor and "[i]f both inmates try to walk the floor, they end up bumping into each other which naturally leads to fight." (Dkt. no. 4 at 5, 17.) He asserts that the prison is overcrowded and understaffed such that prison officials "are not equipped to and are unable to adequately and visually monitor, supervise and protect

inmates under these 23-24 hour lockdown conditions with double celling." (*Id.* at 5.)  He alleges that the cells have no cameras and prison officials only visually do a cell check on average for 60 seconds a day and such lack of visual monitoring and supervision has led to violence. (*Id.* at 18.) Plaintiff further alleges that placing two inmates in such confined spaces "naturally creates a hostile atmosphere inside of the cell and leads to fights, deaths or rapes." (*Id.* at 18.) Plaintiff alleges he was the target of one such attack by Simmons. (*Id.*) Despite these detailed allegations in Plaintiff's verified complaint, Defendants failed to address them in their Motion. Instead, in their Motion, Defendants argue that Plaintiff was double celled at his request and was housed with only inmates that he approved with his caseworker to be housed, the double cell arrangements were temporary, there is no admissible evidence that Plaintiff suffered physical injury, and when Plaintiff raised safety concerns after he was returned to double cell with Simmons, he was moved to a single cell in administrative segregation. (Dkt. no. 42 at 12-14.) The Magistrate Judge recommended denying summary judgment, finding that Defendants failed to offer evidence to respond to Plaintiff's assertions relating to increased hostilities and the potential for violence between double-celled inmates on 23/24 hours lockdown. (Dkt. no. 60 at 9.)

As an initial matter, the Court will first address new evidence and argument that Defendants offered for the first time in support of their Motion. Defendants offer the declaration of Harold Byrne ("Byrne Declaration") to respond to Plaintiff's allegations of overcrowding, the capacity of the cells and the hostile environment presented in double cell arrangements. (*Id.* at 5-7; dkt. no. 62-1.) Defendants also argue that they are entitled to qualified immunity. (Dkt. no. 62 at 7-9.) The Court "has discretion, but is not required, to consider evidence" and new arguments raised for the first time in a party's objections to a magistrate judge's ruling." *Brown v. Roe,* 279 F.3d 742, 7444-46 (9th Cir. 2002). The Court declines to consider the new evidence and argument offered by Defendants for the first time for two primary reasons. First, Plaintiff makes detailed allegations in his verified complaint relating to ESP's double cell policies. *See* discussion *supra.*

Defendants, who are represented by counsel, ignored these allegations in seeking summary judgment. Defendants cannot cherry pick the allegations they want to respond to and then seek a do-over when the Magistrate Judge noted that they failed to challenge Plaintiff's allegations. Moreover, Defendants are essentially advocating for a double standard — they sought to strike Plaintiff's late filed Motion for Summary Judgment but ask the Court to permit them to essentially supplement their Motion after the filing deadline and after issuance of the R&R. Because the Court grants Defendants' Motion to Strike, fairness compels the Court to deny Defendants leave to supplement their Motion with new evidence and argument. For these reasons, the Court will not consider the Byrne Declaration or Defendants' qualified immunity argument.

Disregarding Defendants' new evidence and argument, the gist of Defendants' objection is that the Magistrate Judge improperly relied on Plaintiff's conclusory allegations and improperly placed the burden on Defendants in denying their Motion. (Dkt. no. 62 at 4.) They argue that Plaintiff fails to satisfy the objective and subjective prongs of his Eighth Amendment claim. (*Id.*) The Court disagrees.

A prisoner must satisfy an objective requirement and a subjective requirement in establishing a claim for deprivation of humane conditions of confinement in violation of the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." *Farmer,* 511 U.S. at 834. This objective component is satisfied so long as the institution provides the essential minimums, such as "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy,* 801 F.2d 1080, 1107 (9th Cir.1986). The subjective prong requires a showing of "deliberate indifference to the inmate's health or safety." *Foster v. Runnels,* 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). The subjective prong has a two-part inquiry. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). First, prison officers must have been aware of "'a substantial risk of serious harm' to an inmate's health or safety." *Id.* (quoting *Farmer,* 511 U.S. at 837).

"Second, the inmate must show that the prison officials had no "reasonable" justification for the deprivation, in spite of that risk." *Id.*

Viewing the facts and drawing all inferences in the light most favorable to Plaintiff, a rational trier of fact could find that Plaintiff has satisfied both the objective and subjective requirements of his Eighth Amendment claim. In terms of the objective requirement, Plaintiff asserts in his verified complaint that the double cell policy, including the fact that the cell is designed to accommodate one inmate, does not have enough room for two inmates to walk without bumping into each other which leads to fights particularly when they are confined in a 23-24 hours lockdown situation, coupled with the lack of visual monitor and supervision, has led to violence. (Dkt. no. 4 at 4-5, 17-18.) Plaintiff cites to his allegation of the assault by Simmons as an example. (*Id.* at 18.) In terms of the subjective prong, a rational trier of fact may reasonably infer that Defendants were aware of substantial risk of harm to Plaintiff based on the following evidence: Plaintiff's complaints of assault by Simmons; and Plaintiff's grievances expressing that he feared for his safety in a double cell arrangement. (Dkt. no. 42 at 13 (Plaintiff "continued to voice safety concerns regarding his double celled housing arrangements" after he was returned to housing with Simmons on May 8, 2014); dkt. nos. 42-18; dkt. no. 42-26.)

Defendants argue that Plaintiff's allegations are conclusory and not based on institutional knowledge, and he fails to put forth evidence that double celling created a hostile environment. (Dkt. no. 62 at 4.) However, the Court finds that Plaintiff's allegations in his verified complaint are specific and detailed in describing the lack of space in the cell to accommodate two inmates and the hostile atmosphere that results from being confined in such a space for 23-24 hours lockdown without adequate monitor or supervision. In fact, the Court must consider the allegations in Plaintiff's verified complaint as evidence in evaluating Plaintiff's opposition to Defendants' Motion. *Jones v. Blanas,* 393 F.3d 918, 923 (9th Cir. 2004) (finding that courts must consider a pro se party's contentions offered in motions and pleadings as evidence in his opposition to the

motion for summary judgment "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct.") Finally, the Court is unpersuaded by Defendants' argument that Plaintiff lacks knowledge to lay foundation for his allegations as to what the double cell is designed to accommodate and the potential for violence. (Dkt. no. 62 at 5.) Plaintiff was housed in a double cell arrangement for extended periods of time so would have personal knowledge of whether the cell can accommodate more than one inmate and the conditions in that environment.

Defendants also continue to reiterate the point raised in their Motion that Plaintiff was double celled at his request and was housed with only inmates that he approved with his caseworker to be housed.[4] (Dkt. no. 62 at 5.) However, according to Plaintiff, he was told on at least one occasion (March 18, 20014) he would be written up if he did not approve a new cellmate. (Dkt. no. 4 at 11.) As Defendants noted in their Motion, after Plaintiff was returned to double celling with Simmons at his request on May 8, 2014, Plaintiff continued to raise safety concerns regarding his double cell housing arrangement. (Dkt. no. 42 at 13.) Viewing such evidence and drawing all inferences in Plaintiff's favor, a rational trier of fact could find that Plaintiff did not have a choice in his cell mate.

In sum, the Court agrees with the Magistrate Judge that summary judgment on count I relating to the double cell policy is inappropriate.

### 2.    Plaintiff's Objection

While Plaintiff argues in his objection that the Magistrate Judge made an error in ignoring the evidence he presented in support of count I relating to the medical

---

[4]Defendants assert that ESP's policy permits an inmate to have his single cell disciplinary segregation suspended if the inmate agrees to double cell. (Dkt. no. 42-3.) However, that the policy permits placing an inmate in a double cell at his request does not obviate the need to ensure the cell can house two inmates without creating personal safety concerns. If the cell is too small to accommodate two inmates, it is not clear that putting two inmates in a cell at their election would cure an otherwise inadequate condition that may raise Eighth Amendment violations.

emergency call buttons, the records do not support Plaintiff's contention. Plaintiff contends that he submitted his declaration and the declaration of another inmate, Cezar Enrique, to support his claim that emergency call buttons were ignored. (Dkt. no. 63 at 2.) However, Plaintiff did not offer any declaration from Enrique or any other inmate in connection with his opposition to Defendants' Motion or even in his own Motion for Summary Judgment. In Plaintiff's declaration (attached to his opposition brief), Plaintiff references Fletcher's declaration, but then repeats his assertion that emergency call buttons were ignored. (Dkt. no. 51 at 81.) The Magistrate Judge correctly found that Plaintiff fails to present any specific facts to support his general allegation that emergency call buttons were ignored.

Plaintiff's other arguments in his objection were considered by the Magistrate Judge in deciding Defendants' Motion. The Court agrees with the Magistrate Judge's reasoning and will adopt the recommendations to grant summary judgment.

## V.    CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 60) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (dkt. no. 42) is granted as to count I, to the extent that Plaintiff challenges ESP's fire safety system, medical emergency call buttons, hand and ankle restraints, sanitation, and mental health care, and "no cane" policy; count II, as asserted against Defendant Cox; count III; and count IV. Defendants' Motion is denied as to count I, to the extent Plaintiff challenges ESP's double celling policy; and count II, as asserted against Defendants Moore, Baker, and Fletcher.

It is further ordered that Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (dkt. no. 50) is granted. Plaintiff's Motion for Summary Judgment (dkt. no. 47) will be stricken.

///

1      It is further ordered that Plaintiff's motion to request that the Court rule on his

2  Motion for Summary Judgment (dkt. no. 57) and motions for status check (dkt. nos. 59,

3  61) are denied as moot.

4      DATED THIS 24th day of March 2016.

5

6      MIRANDA M. DU

7      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28